UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL ALVIN WILLIAMS,

    Petitioner,

v.                                              CASE NO. 6:06-cv-1650-Orl-19KRS

JAMES R. MCDONOUGH, et al.,

    Respondents.

## ORDER

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 16).

Petitioner alleges one claim for relief in his habeas petition: that he received ineffective assistance of counsel.

*Procedural History*

In case number 48-2003-MM-001495-A, Petitioner was charged with one count of carrying a concealed weapon. His counsel filed a motion to suppress evidence, a boxcutter, on the ground that the law enforcement officer did not have probable cause or permission to stop and search Petitioner. After conducting a hearing, the state trial court denied the

motion to suppress. Petitioner then entered a plea of nolo contendere and was sentenced to an eighty-one day period of incarceration, with credit for eighty-one days time served. Petitioner appealed the denial of the motion to suppress, but his appeal was unsuccessful.

On February 2, 2006, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the county court judge denied. The Florida Fifth District Court of Appeal denied Petitioner's petition for certiorari.

*Petitioner Is Not In Custody*

Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody" in violation of the Constitution or law or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488 (1989). A petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the habeas petition is filed. *Maleng*, 490 U.S. at 491; *Birotte v. Secretary for Dep't of Corrections*, No. 06-11506, 2007 WL 1695673, at *3 (11th Cir. June 13, 2007) ("[T]he petitioner must be 'in custody' under the conviction or sentence under attack at the time the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant 'in custody' for purposes of a habeas attack.")

In the present case, it is clear that Petitioner has served and completed his sentence. *See* Doc. No. 1 at 1; Doc. No. 16 at 2-3. Since Petitioner completed the term of his sentence prior to the filing date of this habeas petition, he does not fulfill the "in custody" requirement of section 2254(a). *See Johnson v. Ashe*, 421 F. Supp. 2d 339, 342 (D. Mass. 2006)

("Since Petitioner is attacking a judgment for which his confinement has ben fully served, he does not meet section 2254's 'in custody' requirement."); *Kellogg v. Brown*, No. 94 CV 1771 (FB), 1995 WL 548726, at *1 (E.D.N.Y. September 11, 1995) (stating that since the petitioner had completed the terms of his sentences eleven months prior to the filing date of his habeas petition, he did not fulfill the "in custody" requirement of section 2254 (a)). Accordingly, Petitioner's habeas petition must be dismissed.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Carl Alvin Williams is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _6th_ day of July, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The fact that evidence seized during the arrest that precipitated his expired sentence was later used to convict him of the crimes for which he is currently serving a state sentence is to no avail. It is clear that Petitioner is seeking habeas relief for a period of confinement that has been fully served.

Furthermore, even if Petitioner were in custody, he still is not entitled to relief. The state court's determination of his ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law nor was it based upon an unreasonable determination of the facts. Therefore, section 2254(d) would preclude this Court from granting federal habeas corpus relief.

Copies to:
sa 7/6
Carl Alvin Williams
Counsel of Record